ACCEPTED
03-14-00665-CV
5697843
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 2:54:14 PM
JEFFREY D. KYLE
CLERK

**Case No. 03-14-00665-CV**

_____

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 2:54:14 PM
JEFFREY D. KYLE
Clerk

_____

ERIC DRAKE

*Plaintiff - Appellant,*

**vs.**

KASTL LAW FIRM P.C., ET. AL.

*Defendants - Appellees.*

_____

On Appeal from the 200th District Court, Travis County
Case No. D-1-GN-14-001215

_____

**<u>APPELLEE'S ADVISORY TO THE COURT</u>**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW SEANA WILLING, Appellee herein, and files this Advisory to the Court regarding the Amended Brief of Appellant Eric Drake, and would respectfully show this Court the following:

As is further discussed *infra*, the Amended Brief of Appellant Eric Drake exceeds the maximum length for a brief, despite this Court's previous order requiring Eric Drake ("Appellant") to file a brief conforming to the Texas Rules of

Appellate Procedure. Notwithstanding Appellant's violation of the Rules of Appellate Procedure, in the event that this Court does not strike Appellant's briefing, Appellee stands on her previously filed Appellee Brief, as discussed *infra*.

## I. Appellant's Amended Brief Exceeds the Maximum Length

The maximum length of a brief in an appellate court is 15,000 words if computer-generated, and 50 pages if not. TEX. R. APP. P. 9.4(i)(2)(B). Appellant consistently exceeds that maximum, despite his actual knowledge and the direction of this Court.

### A. Appellant has Previously Been Warned About Brief Length

On or about February 20, 2015, this Court denied Appellant's request to exceed the word count in his brief.

On March 2, 2014, Appellant filed his Appellant's Brief, which contained approximately 16,675 words, exceeding the limit established by TEX. R. APP. P. 9.4(i)(2)(B).

On March 27, 2015, Ms. Willing filed a Motion to Strike, identifying this defect to the Court and to Appellant.

On May 1, 2015, Ms. Willing's Motion to Strike was denied, but this Court entered a separate Order noting that Appellant's Brief exceeded the maximum length of a brief and directing Appellant to "file an amended brief complying with the rules of appellate procedure on or before May 15, 2015." [Order, May 1, 2015].

This Court admonished that "If Drake fails to comply with this order, this Court may strike appellant's brief and dismiss this appeal." [Order, May 1, 2015].

**B. Appellant's Amended Brief Still Exceeds Maximum Length of a Brief**

On May 13, 2015, Appellant filed the Amended Brief of Appellant Eric Drake. [Amended Appellant's Brief]. In that brief, he certified that his brief was in compliance of the word limit, as per TEX. R. APP. P. 9.4(i)(3). Appellant certified that "exclusive of the exempted portions, the brief contains 14,819 words. [Amended Appellant's Brief, page 85].

Appellant's Brief exceeds the maximum length. Ms. Willing asks this Court to take judicial notice of the fact that exclusive of the exempted portions, the brief is over 75 pages in length. More significantly, despite Appellant certifying that his brief contained 14,819 words, and thus just making the word limit, the brief actually contains approximately 15,642 words, significantly exceeding the limit established by TEX. R. APP. P. 9.4(i)(2)(B).

**1.    Appellant's Pages 1-6 Should Be Counted**

Rather than comply with the Briefing requirements, Appellant has sought to conceal argument that should count against the length of the brief by improperly titling it "Statement of the Case[1]," despite the fact that it does not conform in any

---

[1]   A true Statement of the Case is not counted against the maximum length of a brief. TEX. R. APP. P. 9.4(i)(1).

way to the statutory description of a "Statement of the Case." *Compare* <u>Amended Appellant's Brief</u>, pages 1-6 with TEX. R. APP. P. 38.1(d). The statutory requirement of a "Statement of the Case" is as follows:

> The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be *supported by record references*, should seldom exceed one-half page, *and should not discuss the facts*.

TEX. R. APP. P. 38.1(d) (emphasis added).

By contrast, pages 1-6 of Amended Appellant's Brief contain not a single reference to the record, and are solely Appellant's argument of "the facts" despite no references to support those interpretations or alleged "facts." [<u>Amended Appellant's Brief</u>, pages 1-6]. For example, Appellant argues about the sufficiency of evidence presented at a hearing (a merit based argument, not a "Statement of the Case"), without any attempt to refer to the record:

> Appellee Seanna Willing failed to submit to the trial court sufficient evidence, which would have proved that there was not a reasonable probability that Appellant, would not have been successful against her. Appellant was asking the trial court for an injunction and declaratory judgment against Appellee Willing and Ginsberg, as well as damages against both Willing and Ginsberg. Scot Graydon offered only hearsay evidence to the trial court. Judge Ramsay wrongfully granted Appellees Seanna Willing Motion to Declared Appellant as a Vexatious Litigate.

[<u>Amended Appellant's Brief</u>, pages 4-5].

Appellant should not be allowed to evade the requirements of TEX. R. APP. P. 9.4(i)(1) by concealing argument from the maximum length of body of the brief and falsely titling that argument as "Statement of the Case."

Ms. Willing asks this Court to take judicial notice that pages 1-6 of the Amended Appellant's Brief are not a "Statement of the Case" within the meaning of the Texas Rules of Appellate Procedure, but rather a "Summary of the Argument," to be counted toward the length of a brief, pursuant to TEX. R. APP. P. 9.4(i)(1).

### 2. Amended Appellant's Brief Exceeds Maximum Length

Ms. Willing asks this Court to take judicial notice that the relevant portions of the Amended Appellant's Brief (pages 1-12[2] and 14-82) exceed the maximum length in both pages and words. For the convenience of the Court, a spreadsheet is attached identifying how many words are on each page. (<u>Exhibit A</u>). The word count for each page was counted by using the Word Count function on Microsoft Word.

Appellant's false word count, presented knowingly to this Court despite (or because of) his awareness of this Court's previous ruling, is yet another example of the bad faith in litigating this matter by Appellant, not only in this Court, but in the

---

[2] Page 13 of the Amended Appellant's brief is a Statement of Jurisdiction, and is not counted toward the maximum length, pursuant to TEX. R. APP. P. 9.4(i)(1). Appellant does not try to conceal argument from the length of his brief in the Statement of Jurisdiction, unlike the argument falsely titled "Statement of the Case."

Trial Court. Other examples of the bad faith in his litigation were presented in the Motion to Strike, filed on March 27, 2015.

Ms. Willing believes that in light of this Court's previous admonishment about the length of Appellant's Brief and the consequences of failure to abide by this Court's May 1, 2015 Order, she should bring to this Court's attention the fact that he has again exceeded the maximum length for a brief.

## II.    Appellee's Position Regarding her Brief

It is unclear from this Court's Order of May 1, 2015 if leave was given to Ms. Willing to file an Amended Appellee's Brief.

A review of the Amended Appellant's Brief shows that it is largely the same arguments as in his original Appellant's Brief, with very few exceptions, such as an even more egregious omission of Tex. R. Civ. P. 18a(f)(2), which was previously misrepresented [Appellant's Brief, page 34] and is now wholly omitted [Amended Appellant's Brief, page 34], despite being the basis for the trial court's hearing the matter and entering the order in question [CR 547-549].

Accordingly, Appellee's Brief adequately serves to present her legal position to this Court, and Appellee does not ask to file an Amended Appellee's Brief.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense
Litigation

ANGELA V. COLMENERO
Chief–General Litigation Division


/s/ Scot M. Graydon
Scot M. Graydon
Assistant Attorney General
State Bar No. 24002175
Office of the Attorney General
P.O. Box 12548
Austin, Texas  78711-2548
(512) 463-2120
(512) 320-0667 - facsimile

*ATTORNEYS FOR APPELLEE SEANA WILLING*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via *regular mail* and *certified mail, return receipt requested* on June 16, 2015 to:

Eric Drake
PO Box 833688
Richardson, Texas 75083
*Pro Se* Appellant

/s/ Scot M. Graydon
**Scot M. Graydon**
Assistant Attorney General

| | | Page Number | | Word Count | |
|---|---|---|---|---|---|
| | | | | | |
| | | 1 | | 157 | |
| | | 2 | | 194 | |
| | | 3 | | 197 | |
| | | 4 | | 199 | |
| | | 5 | | 201 | |
| | | 6 | | 56 | |
| | | 7 | | 110 | |
| | | 8 | | 97 | |
| | | 9 | | 123 | |
| | | 10 | | 117 | |
| | | 11 | | 109 | |
| | | 12 | | 58 | |
| | | | | | |
| | | 14 | | 189 | |
| | | 15 | | 56 | |
| | | 16 | | 218 | |
| | | 17 | | 234 | |
| | | 18 | | 175 | |
| | | 19 | | 220 | |
| | | 20 | | 218 | |
| **Words for Pgs 1-20:** | | | | **2928** | |
| | | | | | |
| | | 21 | | 193 | |
| | | 22 | | 195 | |
| | | 23 | | 195 | |
| | | 24 | | 215 | |
| | | 25 | | 225 | |
| | | 26 | | 190 | |
| | | 27 | | 199 | |
| | | 28 | | 219 | |
| | | 29 | | 213 | |
| | | 30 | | 190 | |
| | | 31 | | 219 | |
| | | 32 | | 195 | |
| | | 33 | | 44 | |

**EXHIBIT A**

# WORD COUNT BY PAGE

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 34 | | | 228 | |
| | | 35 | | | 222 | |
| | | 36 | | | 218 | |
| | | 37 | | | 249 | |
| | | 38 | | | 228 | |
| | | 39 | | | 236 | |
| | | 40 | | | 208 | |
| **Words for Pgs. 21-40:** | | | | | **4081** | |
| | | | | | | |
| | | 41 | | | 182 | |
| | | 42 | | | 194 | |
| | | 43 | | | 225 | |
| | | 44 | | | 245 | |
| | | 45 | | | 223 | |
| | | 46 | | | 198 | |
| | | 47 | | | 215 | |
| | | 48 | | | 208 | |
| | | 49 | | | 210 | |
| | | 50 | | | 223 | |
| | | 51 | | | 105 | |
| | | 52 | | | 221 | |
| | | 53 | | | 228 | |
| | | 54 | | | 218 | |
| | | 55 | | | 220 | |
| | | 56 | | | 222 | |
| | | 57 | | | 236 | |
| | | 58 | | | 235 | |
| | | 59 | | | 223 | |
| | | 60 | | | 184 | |
| **Words for Pgs. 41-60:** | | | | | **4215** | |
| | | | | | | |
| | | 61 | | | 222 | |
| | | 62 | | | 177 | |
| | | 63 | | | 65 | |
| | | 64 | | | 234 | |
| | | 65 | | | 221 | |
| | | 66 | | | 236 | |

# WORD COUNT BY PAGE

| | | | | | |
|---|---|---|---|---|---|
| | | 67 | | 200 | |
| | | 68 | | 175 | |
| | | 69 | | 236 | |
| | | 70 | | 247 | |
| | | 71 | | 204 | |
| | | 72 | | 27 | |
| | | 73 | | 208 | |
| | | 74 | | 213 | |
| | | 75 | | 228 | |
| | | 76 | | 220 | |
| | | 77 | | 226 | |
| | | 78 | | 218 | |
| | | 79 | | 221 | |
| | | 80 | | 231 | |
| | | 81 | | 244 | |
| | | 82 | | 165 | |
| **Words for Pgs. 61-82** | | | | **4418** | |
| | | | | | |
| | **Total Words:** | | **1-20** | **2928** | |
| | | | **21-40** | **4081** | |
| | | | **41-60** | **4215** | |
| | | | **61-82** | **4418** | |
| | **Total:** | | | **15,642** | |